UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BUTLER,

        Petitioner,                          Case Number 15-10125
                                                                  Honorable David M. Lawson

v.

JEFFREY WOODS,

        Respondent.
_____/

## OPINION AND ORDER SEVERING AND DISMISSING PETITIONER'S CIVIL RIGHTS ACTION AND TRANSFERRING THE PETITION FOR A WRIT OF HABEAS CORPUS TO THE SIXTH CIRCUIT COURT OF APPEALS

James Butler, a state prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a joint *pro se* petition for a writ of habeas corpus and civil rights action for declaratory and injunctive relief. The Court will transfer the petitioner's habeas petition to the United States Court of Appeals for the Sixth Circuit and dismiss without prejudice the petitioner's civil rights action.

A.

Before a prisoner may file a habeas petition under 28 U.S.C. § 2254 challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The rules governing successive petitions apply even if a petitioner files his habeas petition under 28 U.S.C. § 2241. *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001) (internal quotation omitted) (Section "2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the

requirements of § 2254."); *see also Long v. Commonwealth of Kentucky*, 80 F. App'x 410, 414 (6th Cir. 2003) (holding that the restrictions on successive petitions in 28 U.S.C. § 2244(b) apply to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002) (same). If a petitioner could circumvent the restrictions on successive § 2254 petitions simply by labeling a petition a § 2241 petition, "then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing '§ 2241' on his petition for federal post-conviction relief." *Medberry v. Crosby*, 351 F.3d 1049, 1060-61 (11th Cir. 2003). If a petitioner files a second or successive petition for habeas corpus relief without first obtaining authorization from the court of appeals, the district court must transfer the petition to the court of appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

In 2005, the petitioner filed a habeas corpus petition in this Court challenging his convictions for first-degree murder and felony-firearm. The Court denied the petition because it was untimely. *See* Apr. 10, 2006 Order, *Butler v. Davis*, No. 05-cv-72727, ECF No. 39. Butler's current habeas petition challenges these same convictions. The Court therefore will transfer the petitioner's habeas petition to the court of appeals because the petitioner did not obtain authorization to file a second or successive petition from the court of appeals before filing his petition.

B.

In his petition, Butler argues that federal and state officials worked in concert to deprive him of equal protection under the law, contrary to 42 U.S.C. § 1981. To the extent Butler wishes to pursue such a claim, he must bring the claim in a properly filed civil rights action. The current filing fee for a civil complaint is $350; the filing fee for a habeas action is $5. 28 U.S.C. § 1914. The

petitioner may not circumvent those fees by filing a joint or hybrid action. Accordingly, the Court will sever and dismiss without prejudice the petitioner's civil rights action. If the petitioner wishes to pursue his lawsuit under 42 U.S.C. § 1981, he may re-file it with the $350 filing fee. If the petitioner is unable to pay the full amount, he may submit a partial filing fee and pay the remainder in installments. *See* 28 U.S.C. § 1915(a); *Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Accordingly, it is **ORDERED** that the Clerk of Court shall **TRANSFER** the petitioner's petition for a writ of habeas corpus to the United States Court of Appeals for the Sixth Circuit.

It is further **ORDERED** that the petitioner's civil rights action under 42 U.S.C. § 1981 is **SEVERED** from his petition for habeas corpus under U.S.C. § 2241.

It is further **ORDERED** that the petitioner's civil rights action under 42 U.S.C. § 1981 is **DISMISSED WITHOUT PREJUDICE**. The Court makes no determination as to the merits of the petitioner's cause of action.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 13, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 13, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI